**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HENRI CALDERON-RODRIGUEZ, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 19-71195 Agency No. A205-273-112 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 10, 2020**
Seattle, Washington

Before: McKEOWN, HUNSAKER, and BUMATAY, Circuit Judges.

Henri Calderon-Rodriguez, a citizen of El Salvador, petitions for review of

the Board of Immigration Appeals' (BIA) decision denying his application for

cancellation of removal as a matter of discretion. We have jurisdiction under 8

U.S.C. § 1252, and we deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Although Calderon-Rodriguez satisfied the statutory predicates for cancellation of removal, *see* 8 U.S.C. § 1229b(b)(1), the Immigration Judge (IJ) declined discretionary relief, finding that his criminal history—two convictions for driving under the influence of alcohol (DUI) and one conviction for felony vehicular assault/DUI—outweighed other factors supporting his application. The BIA reviewed de novo and denied cancellation of removal.

Calderon-Rodriguez claims that the BIA violated his due process rights by disregarding documentation of his wife's medical conditions, his testimony that he had rehabilitated, and the passage of time since his last alcohol-related offense. However, the BIA explicitly acknowledged the hardship his wife would face upon her husband's removal. The BIA further explained that the IJ "accorded [Calderon-Rodriguez's] testimony little evidentiary weight in light of [his] lengthy history of driving under the influence . . . and the fact that he has not had the opportunity to reoffend because he has been in immigration detention since June 2012." Accordingly, "nothing in the record or the BIA's decision indicates a failure to consider all the evidence," *Cole v. Holder*, 659 F.3d 762, 771 (9th Cir. 2011), and we find no due process violation.

Calderon-Rodriguez also argues that the BIA violated due process and equal protection by failing to favorably weigh his rehabilitation evidence where allegedly similarly situated individuals have been found to be rehabilitated. He cites several

unpublished administrative decisions granting discretionary relief to non-detainees, but we lack jurisdiction over constitutional claims alleging that the BIA's discretionary decision "is factually inconsistent with similar prior agency . . . determinations" and need not undertake further equal protection analysis where the record does not show wholly irrational distinctions. *Arteaga-De Alvarez v. Holder*, 704 F.3d 730, 736 & n.2 (9th Cir. 2012); *Halaim v. INS*, 358 F.3d 1128, 1135 (9th Cir. 2004). We likewise lack jurisdiction to review the BIA's value judgments with respect to the weighing of discretionary factors. *Romero-Torres v. Ashcroft*, 327 F.3d 887, 891 (9th Cir. 2003). To the extent that Calderon-Rodriguez bases his due process claim on a theory of unlawful detention, we find that he failed to exhaust this claim, and we are therefore barred from reviewing it. *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**